Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4771 | **DATE** | 8/24/2000 |
| **CASE TITLE** | Beth B. etc. et al. Vs. Mark Van Clay etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. The parents have moved for a temporary restraining order, a statutory injunction or a preliminary injunction to prevent the implementation of the special education placement at this time. We grant plaintiffs' motion for a statutory injunction and rule that Beth's stay-put placement is in Lake Bluff Middle School for now. We grant plaintiffs' motion for leave to file instanter their memorandum in reply.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 24 2000 date docketed | 14 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 AUG 24 PM 3: 00 | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BETH B. and SUSAN and TOM B., individually )
and as next friends of BETH B., )
)
Plaintiffs, )
)
vs. ) No. 00 C 4771
)
MARK VAN CLAY, individually and in his )
official capacity as superintendent, and )
LAKE BLUFF SCHOOL DISTRICT #65, )
)
Defendants. )

DOCKETED
AUG 2 4 2000

## MEMORANDUM OPINION AND ORDER

Beth B. has Rett Syndrome, diagnosed in 1991 when she was three. She was placed in a regular classroom, with special services, during kindergarten, first grade and second grade. At the conclusion of second grade in 1997, Lake Bluff School District #65 (school district) proposed a self-contained special education placement. Beth B's parents (parents) strongly disagreed. That led to a due process hearing which, for various reasons, did not commence until October 25, 1999. In the meantime, the "stay put" placement remained the regular classroom, and Beth B. progressed through third, fourth and fifth grade.

This spring, two things happened. One was that Beth B. completed fifth grade.[1] Her peers will, within a few days, be going on to junior high school in a different building. The other is that the hearing officer on May 26, 2000, ruled that the placement proposed by that school district meets the school district's responsibility, under the Individuals with Disabilities

---

[1] We use the words "progressed" and "completed" in a temporal sense. Her disabilities are far too severe for her to master a core curriculum.

Education Act (IDEA), 20 U.S.C. §1400 *et seq.*, to provide a free appropriate public education in the least restrictive environment. The parents have now appealed that ruling, as provided by 20 U.S.C. §1415(i)(2). The appeal is pending. The immediate issue is whether Beth B., until the appeal is decided, should stay in a regular classroom in junior high, with special services, or should transfer to the special education placement proposed by the school district and sustained by the hearing officer. The parents have moved for a temporary restraining order, a statutory injunction or a preliminary injunction to prevent the implementation of the special education placement at this time. The school district opposes.

Federal law provides that a disabled child "shall remain in the then-current educational placement of such child" unless otherwise agreed. 20 U.S.C. §1415(j). There is no dispute that Beth B. is disabled and, accordingly, we do not engage in the equitable balancing customary in determining whether or not a preliminary injunction should issue. The statute guarantees the child and her parents an uninterrupted education during the contest between a school board and her parents. <u>Board of Educ. of Community High School Dist. No. 218 v. Illinois State Bd. of Educ.</u>, 103 F.3d 545, 550 (7th Cir. 1996). Congress has provided a mandatory "stay put" requirement, <u>Honig v. Doe</u>, 484 U.S. 305, 323 (1988), which functions, in essence, as an automatic preliminary injunction. <u>Drinker by Drinker v. Colonial School District</u>, 78 F.3d 859, 864 (3d Cir. 1996). That stay-put requirement continues through the period of judicial review. <u>Verhoeven v. Brunswick School Committee</u>, 207 F.3d 1, 6 (1st Cir. 1999). The relevant federal regulation, 34 C.F.R. §300.514, issued March 12, 1999, is explicit:

> [D]uring the pendency of any administrative or judicial proceeding regarding a complaint under §300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

The defendants do not expressly disagree that those concepts control. Rather, they argue that Beth B's stay-put placement is the setting recommended by the school district and upheld by the hearing officer, because they contend that (1) the parents failed to request a stay of judgment within 30 days, as required by state law, (2) placement in elementary school is no longer appropriate and, accordingly, this court should fashion a stay-put placement, and (3) the parents failed to request a due process hearing to dispute Beth's ELS placement within ten days of the June 1, 2000 IEP.

Section 14-8.02a(j) of the Illinois School Code, provides as follows:

> If the hearing officer orders a change in the eligibility status, educational placement, or special education and related services of the student, that change shall not be implemented until 30 days have elapsed following the date the hearing officer's decision is mailed to the parties in order to allow any party aggrieved by the decision to commence a civil action to stay implementation of the decision.

105 ILCS 5/14-8.02a(j). From that, the defendants posit a 30-day limitations period to bring an action to challenge a change in educational placement, or the parents are foreclosed from preventing that change. We have great difficulty in squaring that provision with the immediately preceding provision, section 14-8.02a(i):

> Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h). The civil action authorized by this subsection shall not be exclusive of any rights or causes of action otherwise available. The commencement of a civil action under this subsection shall operate as a supersedeas.

105 ILCS 5/14-8.02a(i). This action was brought within the 120 days. Supposedly it operates as a supersedeas.

More importantly, the claim here relates to federal rights. A state limitation governs only if it is borrowed as the nearest analogous limitations period in the absence of a federal limitations provision. Here the Seventh Circuit has previously ruled that Illinois' 120-day limitation should be borrowed to govern IDEA claims. <u>Dell v. Bd. of Educ., Township High School Dist. 113</u>, 32 F.3d 1053, 1059-60 (7th Cir. 1994). There has been no suggestion that a forfeiture of federal rights, unless parents go into court within a month, is consistent with federal law and policy.

We do not believe that the change to junior high school means that there is no longer a current educational placement, or that junior high is unquestionably an inappropriate placement. Junior high school is the normal matriculation progression. Beth will remain with her peers. We think that progression adheres to the educational status quo, keeping her in her regular public school classroom pending completion of the review proceeding. *See* <u>School Committee of Town of Burlington, Mass. v. Department of Educ. of Mass.</u>, 471 U.S. 359, 373 (1985), and <u>Board of Educ. of Community High School Dist. No. 218</u>, 103 F.3d 550. We recognize that a change to a multi-classroom setting adds complexities, but that is not enough to lead to a denial of a statutory right. *See* <u>Board of Educ. of Oak Park & River Forest High School Dist. 200 v. Illinois State Bd. of Educ.</u>, 79 F.3d 654, 657 (7th Cir. 1996).

Finally, defendants argue that the parents had to challenge the June 1, 2000, IEP within ten days or lose their right to a stay-put placement contrary to the IEP placement. That, we think, elevates form over substance. The hearing officer issued his decision May 26, 2000. The IEP is the implementation of that decision. That decision is the subject of a timely appeal. There is a complete administrative record. And that is enough.

We grant plaintiffs' motion for a statutory injunction and rule that Beth's stay-put placement is in Lake Bluff Middle School for now. We leave to the parties the supports, aides and related services necessary to provide a free appropriate public education. We grant plaintiffs' motion for leave to file instanter their memorandum in reply.

We are ruling herein on a very narrow issue: Beth's stay-put placement during the pendency of the appeal. We do not mean to indicate that we have any views about the merits or lack of merits of the appeal. That is something we have yet to consider, and we will do so at the appropriate time.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 24, 2000.