# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4771 | **DATE** | 2/12/2001 |
| **CASE TITLE** | Beth B., etc. Vs. Mark Van Clay etc.et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs move for discovery. Except for the limited purposes hereinafter described, that motion is denied. Status hearing set for February 21, 2001 at 10:00am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 13 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 28 |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 01 FEB 13 AM 8:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BETH B., and SUSAN and TOM B., )
individually and as next friends of )
BETH B., )
)
        Plaintiff, )
)
vs. ) No. 00 C 4771
)
MARK VAN CLAY, individually and in )
his official capacity as superintendent, )
and LAKE BLUFF SCHOOL DISTRICT )
#65, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs move for discovery. Except for the limited purposes hereinafter described, that motion is denied.

The reasons the plaintiffs advance for discovery are varied. They begin with the premise that equitable factors in special education administrative appeals "require" allowing parents to engage in discovery; they emphasize the necessity, from their perspective, of being able to respond to a summary judgment motion; and they obviously look toward an extended hearing. We disagree with their perception of what this appeal is all about.

We think Judge Shadur had it right in fn.3, <u>Patricia P. v. Board of Education of Oak Park</u>, 8 F.Supp. 2d 801, 803 (N.D.Ill. 1998), *aff'd,* 203 F.3d 462 (7th Cir. 2000). An appeal is a judicial review of an administrative proceeding, usually upon the existing record, although the court must determine whether or not the outcome is supported by the preponderance of the evidence after giving "due weight" to the administrative decision. A summary judgment

motion resting on the administrative record is, accordingly, not your typical summary judgment but, rather, a procedural vehicle for determining the preponderance of the evidence. *Id.* at 466.

We may consider additional evidence but, in the absence of procedural infirmities, we normally should decline to do so except in limited situations, such as those outlined in Town of Burlington v. Department of Education, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd*, 471 U.S. 359, as approved in Monticello School District No. 25 v. George L. 102 F.2d 895, 901-02 (7th Cir. 1996). No procedural infirmities are evident here. The parties had ample opportunity to present their positions before the hearing officer. The hearing extended over 19 sessions from October 25, 1999 to March 20, 2000. The administrative record, we are told, includes 5,240 pages of transcript and almost 4,350 pages of documents, and is the longest special education due process hearing ever conducted in Illinois. While we have not counted the pages, we are aware that the record is in 30 volumes. The hearing officer's decision, which we have read, is 56 pages. Nor does the inclusion of ADA and Section 504 claims provide a basis for discovery. Both claims are of discrimination, and their thrust is that the IEP recommendation of placement in an ELS program is inappropriate. We think Monticello School District No. 25, *supra*, at 902-04, graphically demonstrates the Court of Appeal's view of using other claims as a vehicle for opening up an IDEA review for discovery and *de novo* trial when the basic issue is the appropriateness of the IEP placement. If the administrative decision is reversed it will be time enough to determine whether or not either of the other claims survive.

Plaintiffs attempt to distinguish between the standards for discovery under Fed.R.Civ.P. 26 and for accepting new evidence under Monticello School District No. 25. We

do not believe those issues can be separated so easily. It wold be inappropriate (and futile) to force the parties to engage in costly and burdensome discovery when we find no reason to extend our review beyond the existing administrative record except, perhaps, for a limited purpose.

We think that there is one limited area in which discovery may be appropriate. Beth B. has been in junior high school this school year, in sixth grade. Updating the child's progress in that setting is contemplated by <u>Town of Burlington</u>, *supra*, at 791, and recognized in <u>Susan N. v. Wilson School District</u>, 70 F.3d 751, 762 (3d Cir. 1995), as an aid in determining the reasonableness of the IEP placement. Recognizing that any decision should be reached well before the beginning of the next school year, we set this matter for a status hearing on February 21, 2001, at 10 a.m. to discuss what additional discovery may be permitted and to establish a schedule for decision.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 12, 2001.